

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**TERRENCE MACK BOOTH,**

    Plaintiff,

v.                                                                                  Civil Action No. **3:19CV216**

**VIRGINIAN PILOT-LEDGER STAR, LLC,** *et al.*,

    Defendants.

## MEMORANDUM OPINION

Terrence M. Booth, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this civil action under 42 U.S.C. § 1983.[1] The action proceeds on the Particularized Complaint filed by Booth. (ECF No. 15.) For the reasons that follow, the Court will dismiss the action as frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2) and §1915A.

---

[1] That statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983. The Court construes Booth to bring this action pursuant to § 1983 because he indicates that the Defendants violated his "Fifth and Fourteenth Amendment right to the United States Constitution" (Part Compl. 2), as well as "his rights under the Eighth Amendment" (*id.* at 3).



## I. Preliminary Review

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "an indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless." *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41,

2

47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, therefore, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. Allegations

Booth brings this action against the newspaper, the Virginian Pilot-Ledger Star, LLC, and Johnathan Edwards, an editor for the newspaper ("Defendants") for "publishing libel." (Part. Compl. 1.)[2] Booth alleges:

---

[2] The Court employs the pagination assigned to the Particularized Complaint by the CM/ECF docketing system. The Court corrects the capitalization, punctuation, and spacing and omits the emphasis in quotations from the Particularized Complaint.

3

3. On or about January 17, 2018, the Virginian Pilot-Ledger Star, L.L.C. published an article during Plaintiff's trial that "[a] convicted murderer stands trial for the slaying of a homeless man."

4. At Plaintiff's trial, the Judge stated to Defendant Johnathan Edwards, "I know you're doing what you're told to do (by Virginian Pilot) but you can't put Booth's past history in the newspaper. The jurors might've read his past. . . . This might be a mistrial." One juror was removed because her daughter showed her the published article.

5. On or about January 22, 2018, after Plaintiff was acquitted, the Virginian-Pilot-Ledger Star, L.L.C., *et al.*, published an article that "Terrence 'Chill' Booth has been acquitted of another murder."[3]

6. On or about that same day, Defendant Johnathan Edwards took a recorded statement from homicide detective, Jean-Claude Noel who stated: "Hayes (an unreliable witness in the acquittal case) said Booth confessed to him about the 2016 murder of Jalil Skinner and the shooting of the (2) two other men."

7. On several occasions, Plaintiff has been accosted by family members and friends of Jalil Skinner and the (2) two other shooting victims and had to seek protective custody.

. . . .

9. Defendant Johnathan Edwards acted negligently in failing to ascertain the facts on which the publication was based (Plaintiff has never been acquitted of a murder "prior" to this one) and after being given a caveat, continued to publish (libel). The defendant Edwards'[s] actions violated Plaintiff's Fifth and Fourteenth Amendment right to the United States Constitution (right to life, liberty, [and] pursuit of happiness).

10. Defendant Johnathan Edwards acted with reckless disregard for the truth, by not ascertaining the veracity of Det. Noel's statement. Plaintiff contends that he has never been arrested or questioned in connection [with] the murder of Jalil Skinner and the other shootings. These illegal actions "shattered" Plaintiff's reputation, and put his life in peril, causing Plaintiff emotional distress, and violated his rights under the Eighth Amendment to the United States Constitution.

11. Defendant Virginian Pilot-Ledger Star, L.L.C. sanctioned Johnathan Edwards['s] actions, constitutes malice, and created a substantial danger to Plaintiff's life and reputation. These illegal actions caused Plaintiff suffering and emotional distress violating his rights under the Eighth Amendment to the United States Constitution, and the Fifth and Fourteenth.

(*Id.* at 1–3.) Booth seeks a declaration that "the acts and omissions described herein transgressed his rights under the Constitution," a permanent injunction "ordering the Defendants to

---

[3] *See* Jonathan Edwards, *Suspect Acquitted in shooting of homeless man as Norfolk prosecutors lose another murder trial*, THE VIRGINIAN-PILOT, Jan. 22, 2018, https://www.pilotonline.com/news/crime/article_ca956406-8055-5511-b702-d54c3623b92f.html.

'vindicate' Plaintiff's name via newspaper and media (T.V.)," and monetary damages. (*Id.* at 3-4.)

## III. Analysis

### A. Constitutional Claims

In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998). Booth's allegations fail to plausibly suggest that Defendants acted under color of state law. Thus, Defendants are not state actors amenable to suit under § 1983. *See Am. Mfrs. Mut. Ins. v. Sullivan*, 526 U.S. 40, 50 (1999) ("[T]he under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'" (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982)). Accordingly, the constitutional claims against Defendants will be DISMISSED WITH PREJUDICE.

### B. State Law Claims

Booth also contends that Defendants are "responsible for publishing libel" (Part Compl. 1) and for negligence (*id.* at 2). Libel and negligence are state law causes of action. Generally, supplementary state law claims should be dismissed if the federal claims are dismissed before trial. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). In light of the preliminary dismissal of Booth's federal claims and the insubstantial nature of those federal claims, the Court declines to exercise its discretion to retain Booth's claim for a violation of his rights under state law. *See Jenkins v. Weatherholtz*, 909 F.2d 105, 110 (4th Cir. 1990). Accordingly, Booth's state law claims will be DISMISSED WITHOUT PREJUDICE.

## IV. Conclusion

Booth's constitutional claims are DISMISSED WITH PREJUDICE. Booth's state law claims are DISMISSED WITHOUT PREJUDICE. The action will be DISMISSED WITH PREJUDICE as legally frivolous and for failure to state a claim. The Clerk will be DIRECTED to note the disposition of the action for purposes of 28 U.S.C. § 1915(g).

An appropriate Order will accompany this Memorandum Opinion.

/s/ M. Hannah Lauck
United States District Judge

Date: NOV 22 2019
Richmond, Virginia